# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### Miami Division
### www.flsb.uscourts.gov

In re:                                                   Case No.: 07-15259-BKC-RAM

**JUAN E. PUIG and DIANA PUIG**,                         Chapter 7

      Debtors.                                (Substantively Consolidated)
_____/

**UNITED STATES OF AMERICA**,

      Plaintiff,                                 Adv. No. 13-01040-RAM

v.

**ALAN L. GOLDBERG**, Chapter 7 Trustee,

      Defendant.
_____/

**ALAN L. GOLDBERG**, Chapter 7 Trustee,

      Counter-plaintiff,

v.

**UNITED STATES OF AMERICA**,

      Counter-defendant.
_____/

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTER-CLAIMS

Chapter 7 Trustee, Alan Goldberg ("**Trustee Goldberg**"), by undersigned counsel, files his answer and defenses to the Complaint (Adv. ECF No. 1) (the "**Complaint**") as well as his Counter-Claims against the United States of America (the "**IRS**").

## I.  ANSWER

Paragraph 1.  Trustee Goldberg denies the allegations set forth in paragraph 1 of the Complaint.

Paragraph 2.   Trustee Goldberg denies the allegations set forth in paragraph 2 of the Complaint.

Paragraph 3.   Trustee Goldberg admits that the subject of the Complaint involves property of the estate and impacts the administration of the estate.   Trustee Goldberg denies any remaining allegations in paragraph 3 of the Complaint.

Paragraph 4.   Trustee Goldberg lacks sufficient knowledge about the allegations contained in paragraph 4 of the Complaint and therefore denies the same.   Trustee Goldberg further asserts that the allegations contained in paragraph 4 of the Complaint are not relevant.

Paragraph 5.   Trustee Goldberg adopts his answer to paragraph 4 of the Complaint.   Trustee Goldberg admits any remaining allegations not previously addressed by his answer to paragraph 4 of the Complaint.

Paragraph 6.   Trustee Goldberg lacks sufficient knowledge about the allegations contained in paragraph 6 of the Complaint and therefore denies the same.

Paragraph 7.   Trustee Goldberg admits that he elected to carry back an eligible NOL to years 2003 - 2005.   Trustee Goldberg lacks sufficient knowledge about the remaining allegations and therefore denies the same.

Paragraph 8.   Trustee Goldberg admits to receiving refunds from the IRS in excess of $1.0 million.   Trustee Goldberg denies the remaining allegations of paragraph 8 of the Complaint.

Paragraph 9.   Trustee Goldberg admits that the IRS filed an Amended Claim labeled as 49-4. Trustee Goldberg denies the remaining allegations of paragraph 9 of the Complaint.

Paragraph 10.   Trustee Goldberg lacks sufficient knowledge about the allegations contained in paragraph 10 of the Complaint and therefore denies the same.

Case No. 07-15259-RAM
Adv. No. 13-0104-RAM

Paragraph 11.  Trustee Goldberg lacks sufficient knowledge about the allegations contained in paragraph 11 of the Complaint and therefore denies the same.

Paragraph 12.  Trustee Goldberg lacks sufficient knowledge about the allegations contained in paragraph 12 of the Complaint and therefore denies the same.

Paragraph 13.  Trustee Goldberg lacks sufficient knowledge about the allegations contained in paragraph 13 of the Complaint and therefore denies the same.

Paragraph 14.  Trustee Goldberg denies the allegations contained in paragraph 14 of the Complaint

## II.  DEFENSES

The subject tax returns and tax refunds constitute property of the estate.  The actions by the IRS as alleged in the Complaint were undertaken in an effort to impact property of the estate and Trustee Goldberg's administration of the estate.  Despite its knowledge that Trustee Goldberg was and is the real party-in-interest concerning the tax returns and tax refunds at issue in this case, the IRS deliberately failed and refused to provide any notice of its Notice of Deficiency (defined in the Complaint) to Trustee Goldberg.  As a result, Plaintiff's claims are barred by one or more of the following defenses:

A.      Failure to state a claim upon which relief may be granted.

B.      Improper service/Failure to serve.

C.      Lack of good faith/Unclean hands.

D.      Equitable estoppel.

E.      Lack of due process at law.

F.      Violation of the automatic stay imposed by 11 U.S.C. § 362.

Case No. 07-15259-RAM
Adv. No. 13-0104-RAM

WHEREFORE, for all of the foregoing reasons, Trustee Goldberg requests that the Court grant judgment in his favor, award Trustee Goldberg all costs incurred in this matter, deny any relief to Plaintiff on its Complaint, and provide all other relief that is required under the circumstances.

### III.  COUNTER-CLAIMS

As for his counter-claims against the IRS, Trustee Goldberg, by undersigned counsel, alleges the following:

1.     During the course of this bankruptcy case, Trustee Goldberg learned that the bankruptcy estate was able to take advantage of certain of the Debtors' business operating losses in previous years, which could be carried back to reduce the Debtors' federal income taxes that were paid by the Debtors in 2003, 2004, and 2005, resulting in a tax refund for the benefit of the bankruptcy estate.

2.     In April, 2012,  Trustee Goldberg filed a Motion [Main Case ECF No. 713] (the "**Motion for Authority**") for  Authority to Sign Amended Tax Returns for Pre-petition Tax Years.

3.     On April 13, 2012, the Court entered an Order [Main Case ECF No. 714] granting the Motion for Authority, which order provided that Trustee Goldberg was authorized to sign the Debtors' Amended Federal Income Tax Returns for 2003, 2004, and 2005 (the "**Amended Tax Returns**") on the Debtors' behalf and that any refunds that may result from the filing of the Amended Tax Returns constitute property of the estate pursuant to 11 U.S.C. § 541(a).

4.     Thereafter, Trustee Goldberg, with the assistance of the estate's accountant, filed the Amended Tax Returns, to carry back losses reported to the estate by accountants for the corporate debtor estates.  Trustee Goldberg signed the Amended Tax Returns on behalf of the Debtors as authorized by the Court.

5.      As set forth in the Amended Tax Returns, the Debtors' tax liability to the IRS for the years 2003-2005 was substantially lower than originally reported based upon substantial subsequent losses.  As a result of the Amended Tax Returns, the estate received tax refunds in the amounts of $785,061 for tax year 2005 and $271,187 for tax year 2004 (collectively, the "**Tax Refunds**").

6.      Shortly after receipt of the Tax Refunds, Trustee Goldberg undertook steps to review and reconcile claims in this case as there appeared to be sufficient funds to distribute money to general unsecured creditors.  Nearly all claims have been reconciled in this case other than the claims asserted by the IRS.

7.      On July 17, 2012, Trustee Goldberg objected [Main Case ECF No. 723] to claim 19 docketed in the Diana Puig case in the amount of $520,000 as such claim duplicates claim 49 filed in the Juan Puig case (the cases have been substantively consolidated).  On August 15, 2012, the IRS responded [Main Case ECF No. 760] to the objection wherein it referenced an amendment to claim 49  (the "**IRS Claim**") seeking additional taxes from this estate on account of the 2004 and 2005 tax years that were subject of the Amended Tax Returns and which generated the Tax Refunds.

8.      Trustee Goldberg was informally notified that the Internal Revenue Service intends to examine further the Amended Tax Returns.  However, Trustee Goldberg has not been provided with any information about when such examination will be conducted or concluded.  Trustee Goldberg is unable to close this case until the IRS Claim is fully and finally adjudicated.

## COUNT I

Trustee Goldberg adopts paragraphs 1 through 8 above as if more fully set forth herein and further alleges that:

Case No. 07-15259-RAM
Adv. No. 13-0104-RAM

9.    This Court has authority to resolve the present dispute so that this case can be expeditiously closed.  Section § 505(a) of the Bankruptcy Code provides –

    (a)    (1)    Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction

        (2)    The court may not so determine--

            (A)    the amount or legality of a tax, fine, penalty, or addition to tax if such amount or legality was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the case under this title;

            (B)    any right of the estate to a tax refund, before the earlier of–

                (i)    120 days after the trustee properly requests such refund from the governmental unit from which such refund is claimed; or

                (ii)    a determination by such governmental unit of such request; or

            (C)    the amount or legality of any amount arising in connection with an ad valorem tax on real or personal property of the estate, if the applicable period for contesting or redetermining that amount under applicable nonbankruptcy law has expired.

"Pursuant to the legislative history of § 505(a)(1), Congress clearly intended for the statute to allow bankruptcy courts to rapidly determine tax issues necessary for the efficient administration of the estate. . . . Congress wanted to provide a forum for the quick resolution of disputed tax claims in order to avoid any delay in the conclusion of the administration of the bankruptcy case."  In re Stevens, 210 B.R. 200, 202 (Bankr. M.D. Fla. 1997).

10.     The Amended Tax Returns fully, fairly, and accurately set forth the Debtors' tax liability to the IRS for 2003 through 2005.   The IRS Claim should be disallowed and stricken based upon the Amended Tax Returns.

11.     None of the exceptions to the Court's ability to determine the amount or legality of the IRS Claim or the Amended Tax Returns, as set forth in Section 505(a)(2) of the Bankruptcy Code, applies in this case.   Specifically –

a.      The income taxes sought by the IRS in the IRS Claim were not contested before or adjudicated by a judicial or administrative tribunal of competent jurisdiction prior to the Petition Date;

b.      More than 120 days has passed since Trustee Goldberg filed the Amended Tax Returns and requested the Tax Refunds from the IRS;

c.      The IRS has already made a determination of Trustee Goldberg's request for the Tax Refunds, by submitting the Tax Refunds to Trustee Goldberg; and

d.      The subject taxes being sought by the IRS through the IRS Claim are not ad valorem taxes on real or personal property of the bankruptcy estate.

WHEREFORE, Trustee Goldberg respectfully requests the Court enter a judgment in his favor: (1) finding that the Debtors' tax liability as set forth in the Amended Tax Returns is correct; (2) disallowing and striking the IRS Claim; and (3) granting such other and further relief as the Court deems just and proper.

## COUNT II

Trustee Goldberg adopts paragraphs 1 through 11 above as if more fully set forth herein and further alleges that:

Case No. 07-15259-RAM
Adv. No. 13-0104-RAM

12.    Based upon the Amended Tax Returns, the value of the IRS Claim, for purposes of distributions in this case, should be  $0.00 on account of the 2004 and 2005 tax years.

13.    The Debtors' 2004 and 2005 Federal Income Taxes should be determined as set forth in the Amended Tax Returns.  As a result, the IRS should have no claim in this case on account of 2004 and 2005.  Pursuant to Sections 105 and 502 of the Bankruptcy Code, the Court should estimate and/or value the IRS Claim at $0.00 on account of the 2004 and 2005 tax years.

WHEREFORE, Trustee Goldberg respectfully requests the Court enter a judgment in his favor: (1) finding that the Debtors' tax liability as set forth in the Amended Tax Returns is correct; (2) valuing the IRS Claim at $0.00; and (3) granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida  33130
Telephone:     (305) 789-3200
Facsimile:     (305) 789.2615

By:     */s/ Drew M. Dillworth*
          Drew M. Dillworth, Esq.
          Fla. Bar No. 0167835

Case No. 07-15259-RAM
Adv. No. 13-0104-RAM

## <u>CERTIFICATE OF SERVICE</u>

I certify that on February 19, 2013, a true and correct copy of the foregoing was served electronically by Notice of Electronic Filing generated by the Court's CM/ECF system on Pascale Guerrier, Esq. at <u>pascale.guerrier@usdoj.gov</u>; and by undesigned counsel via U.S. Mail, postage prepaid, to WILFREDO FERRER, United States Attorney, Southern District of Florida, 99 N.E. 4th Street, Miami, Florida 33132.

By: __/s/ Drew M. Dillworth_____
          Drew M. Dillworth, Esq.
          Fla. Bar. No. 0167835