**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:

JUAN E. PUIG and                                    CASE NO.: 07-15259-RAM
DIANA PUIG,
          Debtors.                                  CHAPTER 7

_____ /

UNITED STATES OF AMERICA

          Plaintiff,

v.

ALAN GOLDBERG                                       ADV. PROC. NO.
CHAPTER 7 TRUSTEE,

          Defendant.
_____/

## COMPLAINT TO RECOVER ERRONEOUS REFUND

          The United States of America, by and through undersigned counsel, complains

and alleges as follows:

### Jurisdiction and Venue

          1.      This adversary proceeding is brought by the United States pursuant to 26

U.S.C. § 7405  to recover an erroneous refund of federal taxes issued to Alan Goldberg,

Chapter 7 bankruptcy trustee for Juan E. Puig and Diana Puig ("Debtors").

          2.      This action is brought pursuant to 26 U.S.C. §7401 at the direction of the

Attorney General of the United States and at the request and with the authorization of the

Area Counsel of the Internal Revenue Service, a delegate of the Secretary of the

Treasury.

3.      Jurisdiction is proper under 28 U.S.C. § 157(b)(2)(A),(B).

4.      Upon information and belief, Debtors are residents of Miami-Dade County, Florida.

5.      Venue is proper 28 U.S.C. §§ 1391(b) and 1396 because Debtors' Chapter 7 bankruptcy is within this judicial district and Debtors currently reside within this judicial district.

### Facts

6.      In April 2012, the IRS received Trustee Goldberg's requests for prompt determination of unpaid tax liabilities under Bankruptcy Code section 505(b) for tax years 2003, 2004, 2005, 2009 and 2010 on behalf of the Debtors.  In a letter dated June 18, 2012, the IRS notified Trustee Goldberg that the joint income tax returns Trustee Goldberg submitted for the years 2003 through 2005 did not qualify for prompt determination under section 505(b) because they were claims for refund.  The letter also indicated that the IRS would examine the returns for those years despite Trustee Goldberg's failure to file a proper request for refund.

7.      The claims for refund Trustee Goldberg filed with the IRS were based on an election to carry back a 2008 tax year NOL to the years 2003 through 2005. The IRS began an examination of the refund claims for those years and an examination of the 2008 NOL.

8.      On or about May 25, 2012, refunds were mistakenly issued to Trustee Goldberg in the amounts of $271,187.00 for tax year 2004 and $785,061.00 for tax year 2005 while the examination was still pending.

9.     The IRS filed Amended Claim 49-4 to address the possibility of a disallowance of the 2008 NOL with regard to the refunds Trustee Goldberg received for tax years 2004 and 2005.

10.     On September 4, 2012, the IRS issued a Notice of Deficiency to Debtors concerning the refunds received by Trustee Goldberg for tax years 2004 and 2005 based upon the IRS's determination that the Debtors did not substantiate the NOL within the meaning of Section 172 of the Internal Revenue Code.

11.     The Debtors have not petitioned the Tax Court to redetermine the deficiency assessed by the Internal Revenue Service against them for tax years 2004 and 2005 within the statutory period provided by the Internal Revenue Code.

## COUNT I: Recovery of Erroneous Refund

12.     Section 7405(b) of the Internal Revenue Code provides that any portion of a federal tax which has been erroneously refunded may be recovered by a civil action brought in the name of the United States.

13.     Section 7405(c), which incorporates 26 U.S.C. § 6602, provides that erroneous refunds bear interest from the date of the payment of the refund.

14.     The Estate is liable and indebted to the United States for the erroneous refunds Trustee Goldberg received in the amounts of $271,187.00 for tax year 2004 and $785,061.00 for tax year 2005 from the date of payment of the refunds plus further interest thereon.

WHEREFORE, plaintiff United States of America prays as follows:

A.    That the Court order the Estate to return to the United States the erroneous refunds in the amount of $1,056,248.00 for tax years 2004 and 2005, plus interest from the date of the erroneous refund until paid and all other allowable statutory additions;

B.  The Court grant the United States such other and further relief, including the costs of this action, as is just and proper.

Respectfully submitted,

KATHRYN KENEALLY

By:    */s/ Pascale Guerrier*_____
       Pascale Guerrier
       Trial Attorney, Tax Division
       U.S. Department of Justice
       555 4th Street, N.W., Room 6214
       Washington, D.C.  20001
       Telephone:  (202) 353-1978
       Telecopier:  (202) 514-4963
       E-mail:Pascale.Guerrier@usdoj.gov


       Of Counsel:

       WILFREDO FERRER
       United States Attorney
       Southern District of Florida
       99 NE 4th Street
       Miami, FL 33132
       Telephone: (305) 961-9000
       Telecopier: (305) 530-7087